Deborah **REYNOLDS**, Plaintiff,

v.

**U.S.X. CORPORATION**, Defendant.

No. CIV. A. 00–5507.

United States District Court,
E.D. Pennsylvania.

Oct. 22, 2001.

Sharon Gilbert Timm, Rathgeber & Assoc., Doylestown, PA, for Deborah Reynolds, Plaintiffs.

Robert E. Hilton, Pittsburgh, PA, Daniel C. Moraglia, Bennett, Bricklin and Saltzburg, LLP, Philadelphia, PA, for U.S.X. Corporation, Defendants.

### MEMORANDUM AND ORDER

KATZ, Senior District Judge.

 Plaintiff in the above-captioned case recovered a jury verdict of $70,000 on

her claim that she was subjected to a hostile work environment at defendant's steel mill. Now before the court is plaintiff counsel's petition for attorney fees.[1]

■■■] The court agrees with defendant that the hours for work completed through June 19, 2001[2] should be reduced from 193 attorney hours and 35.6 paralegal hours, as claimed in the plaintiff's petition, to 134.7 attorney hours. The basis for this reduction is that plaintiff's counsel claimed only 144.7 attorney hours for that time period in a prior fee petition filed in arbitration, and ten of those 144.7 hours were claimed for a third day of arbitration that did not occur.[3] The court disagrees with defendant's other challenges to the fee petition, finding to be reasonable and well-documented the claims for paralegal fees and work related to discovery, the appeal from arbitration, depositions including preparation time, the response to defen-

dant's summary judgment motion, and trial. In addition, plaintiff's counsel may recover for time spent on claims of alleged intentional discrimination on which plaintiff did not prevail, as the circumstances and evidence pertaining to those claims were relevant to plaintiff's successful hostile environment claim. Therefore, the total time for which fees will be awarded is reduced from the claimed 367.7 attorney hours and 70.3 paralegal hours, to 309.4 attorney hours[4] and 34.7 paralegal hours.

■■■] In calculating the reasonable hourly attorney's rate[5] according to the prevailing market rates in the relevant community, the court should assess the experience and skill of the prevailing party's attorney and compare her rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation;

1. Fees must be reasonable and well-documented, and the court should consider numerous factors in fixing the amount of fees awarded. *See McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 363, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995); *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (factors include nature and difficulty of case, the customary fee, amount involved and results obtained, and experience and ability of attorney). A court "may reduce number of hours prong of the lodestar only if the adverse party has raised a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure." *See Rainey v. Philadelphia Housing Authority,* 832 F.Supp. 127, 130 (E.D.Pa.1993), *reconsidered in part,* No. 92–6815, 1994 WL 13828 (E.D.Pa. Jan 19, 1994).

2. Plaintiff's counsel signed the fee petition that was submitted to the arbitrators on June 19, 2001, although defendant argues that this petition represents fees accrued through June 21, 2001.

3. The court also agrees with defendant that plaintiff's counsel is not entitled to recover for work related to unemployment compensation hearings, as unemployment benefits are not ordinarily necessary to employment discrimi-

nation litigation. *See Public Interest Research Group of New Jersey, Inc. v. Windall,* 51 F.3d 1179, 1188 (3d Cir.1995) ("[W]ork must be useful and of a type ordinarily necessary to secure the final result obtained from the litigation. Application of this standard is left to the discretion of the district court.") (punctuation omitted) (citing *Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 560–61, 106 S.Ct. 3088, 92 L.Ed.2d 439). *Cf. Craig v. Y & Y Snacks,* 721 F.2d 77, 85 (3d Cir.1983) (holding that unemployment benefits are not relevant to determination of back pay; also noting circuit split). However, as the fees pertaining to unemployment benefits accrued prior to June 19, 2001, and as the court has already reduced the fees accrued prior to June 19, 2001, the court will not further reduce those fees.

4. This figure is comprised of 134.7 attorney hours accrued through June 19, 2001, as explained previously, and 174.7 attorney hours accrued after June 19, 2001 as claimed in the petition and as approved by the court.

5. The claimed paralegal's rate of $65,00 is not challenged.

the prevailing party bears the burden of establishing by way of satisfactory evidence, in addition to the attorney's own affidavits, that the requested hourly rates meet this standard. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir.2001). In this case, the hourly rate of $200 charged for work done by plaintiff's attorney well exceeds the hourly rate of $160—$180 established by the Community Legal Services, Inc.'s (CLS) fee schedule effective October 1, 2001 for an attorney with a similar number of years of experience, which is the fee schedule often relied upon in the Third Circuit and the Eastern District of Pennsylvania. *See, e.g., Maldonado*, 256 F.3d at 187; *Rainey*, 832 F.Supp. at 129. Considering the established CLS rate and affidavits submitted, the nature of this case, and the attorney's abilities and five years of civil rights litigation experience, the court awards a fee of $170 per attorney hour. Accordingly, the defendant shall pay to plaintiff a sum of $54,853.50 (comprised of $52,598.00 for 309.4 attorney hours at $170 per hour, and $2,255.50 for 34.7 paralegal hours at $65.00 per hour).

An appropriate Order follows.

### ORDER

**AND NOW**, this 22ND day of October, 2001, upon consideration of the Plaintiff's Attorney Fee Petition (doc. 56) and Praecipe to Substitute (doc. 58), and the response thereto (doc. 59), it is hereby **ORDERED** that the Petition is **APPROVED** in part. Defendant shall pay to plaintiff a sum of $54,853.50.